IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

---

Allen A. Bosch,

                    Plaintiff,

v.

Red River Valley & Western Railroad
Company, a corporation,

                    Defendant.

Civil Action No. 3:08-cv-101

**DEFENDANT'S PROPOSED
JURY INSTRUCTIONS
AND SPECIAL VERDICT FORM**

---

Defendant Red River Valley & Western Railroad, requests that the following jury instructions be given.

June 7, 2010                FELHABER, LARSON, FENLON & VOGT, P.A.

                    By:  _____s/ Robert L. Bach_____
                          Robert L. Bach, ND#  06512
                          Patricia R. Monson, ND# 03564
                    220 South Sixth Street, Suite 2200
                    Minneapolis, MN  55402-4504
                    rbach@felhaber.com
                    pmonson@felhaber.com
                    Phone:  (612) 339-6321
                    Fax:  (612) 338-0535

74582.3

**INDEX TO JURY INSTRUCTIONS**

From <u>Federal Jury Practice and Instructions, Civil (5th Ed.)</u>.

| | |
|---|---|
| JURY INSTRUCTION NO. 1 | PLAINTIFF'S CLAIM |
| JURY INSTRUCTION NO. 2 | NATURE OF THE CASE |
| JURY INSTRUCTION NO. 3 | STATUTES |
| JURY INSTRUCTION NO. 4 | ESSENTIAL ELEMENTS OF PLAINTIFF'S CLAIM |
| JURY INSTRUCTION NO. 5 | PARTICULARS OF CLAIMED NEGLIGENCE OF DEFENDANT |
| JURY INSTRUCTION NO. 6 | AMOUNT OF CARE VARIES WITH DANGER |
| JURY INSTRUCTION NO. 7 | DUTY OF EMPLOYER AS TO PLACE OF WORK |
| JURY INSTRUCTION NO. 8 | NEGLIGENCE |
| JURY INSTRUCTION NO. 9 | ORDINARY CARE |
| JURY INSTRUCTION NO. 10 | CAUSATION |
| JURY INSTRUCTION NO. 11 | INFERENCE FROM FACT OF ACCIDENT ALONE |
| JURY INSTRUCTION NO. 12 | ASSUMPTION OF RISK |
| JURY INSTRUCTION NO. 13 | WHEN VERDICT SHOULD BE FOR DEFENDANT |
| JURY INSTRUCTION NO. 14 | FELA CONTRIBUTORY NEGLIGENCE |
| JURY INSTRUCTION NO. 15 | MITIGATION |
| JURY INSTRUCTION NO. 16 | INJURY TO THE EMPLOYEE |
| JURY INSTRUCTION NO. 17 | PRESENT VALUE OF FUTURE LOSS |
| JURY INSTRUCTION NO. 18 | INCOME TAX EFFECTS OF AWARD |
| JURY INSTRUCTION NO. 19 | REDUCTION OF DAMAGES OF CONTRIBUTORY NEGLIGENCE |
| JURY INSTRUCTION NO. 20 | ISSUES TO BE DETERMINED |
| JURY INSTRUCTION NO. 21 | SPECIAL VERDICT |

## DEFENDANT'S JURY INSTRUCTION NO. 1

## PLAINTIFF'S CLAIM

The Plaintiff Allen A. Bosch in this case claims damages for personal injuries, alleged to have been suffered as a result of negligence on the part of Defendant, the Red River Valley & Western Railroad, his employer.

---

3.  O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions – Civil, §120.01 (5th ed. 2001 Duty Imposed by FELA).*

**DEFENDANT'S JURY INSTRUCTION NO. 2**

**FELA – NATURE OF THE ACTION**

Plaintiff Allen A. Bosch claims damages under the Federal Employer's Liability Act, commonly known as "FELA," for personal injuries alleged to have been suffered as a result of negligence by defendant Red River Valley & Western Railroad.

Defendant Red River Valley & Western Railroad asserts that Plaintiff Allen A. Bosch was not injured as a result of any negligence by defendant.

Defendant Red River Valley & Western Railroad alleges that Plaintiff Allen Bosch's injuries were caused or contributed to by his own negligence.

It is agreed that, at the time and place alleged by Plaintiff Allen A. Bosch, Defendant Red River Valley & Western Railroad was a railroad common carrier engaged in interstate commerce.  Plaintiff Allen A. Bosch was then an employee of Defendant Red River Valley & Western Railroad, engaged in such commerce.  Plaintiff Allen A. Bosch's right, if any, to recover in this case is governed by the provisions of the Federal Employer's Liability Act.

---

3A.  O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions – Civil, §155.01 (5th ed. 2001 Duty Imposed by FELA). (Amended)*

**DEFENDANT'S JURY INSTRUCTION NO. 3**

**STATUTES**

Section I of the Federal Employer's Liability Act, under which Plaintiff Allen A.

Bosch claims the right to recover damages in this action, provides in part that:

> Every common carrier by railroad while engaging in commerce between any of the several States. . .shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce, . . .for such injury. . .resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment. . .

---

3A.  O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions – Civil, §155.10 (5th ed. 2001 Duty Imposed by FELA).*

## DEFENDANT'S JURY INSTRUCTION NO. 4

## ESSENTIAL ELEMENTS OF PLAINTIFF'S CLAIM

In order to prove the essential elements of Plaintiff Allen A. Bosch's claim against Defendant Red River Valley & Western Railroad, the burden is on Plaintiff Allen A. Bosch to establish, by a preponderance of the evidence in the case, the following facts:

First:  That Defendant Red River Valley & Western Railroad was negligent in one or more of the particulars alleged; and

Second:  That Defendant Red River Valley & Western Railroad's negligence caused or contributed, in whole or in part, to some injury and consequential damage sustained by Plaintiff Allen A. Bosch.

---

3A.  O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions – Civil, §155.20 (5th ed. 2001 Duty Imposed by FELA).*

**DEFENDANT'S JURY INSTRUCTION NO. 5**

**PARTICULARS OF CLAIMED NEGLIGENCE OF DEFENDANT**

Plaintiff Allen A. Bosch alleges that Defendant Red River Valley & Western Railroad's conduct, at the time and place in question, was negligent in the following particulars:

a.      Failing and neglecting to provide Plaintiff with a reasonably safe place to work in violation of the FELA.

---

3A.  O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions – Civil, §155.21 (5th ed. 2001 Duty Imposed by FELA).*

## DEFENDANT'S JURY INSTRUCTION NO. 6

## AMOUNT OF CARE VARIES WITH DANGER

Because the amount of care exercised by a reasonably prudent person varies in proportion to the danger known to be involved in what is being done, it follows that the amount of caution required in the use of ordinary care will vary with the nature of what is being done, and all the surrounding circumstances shown by the evidence in the case.  As the danger that should reasonably be foreseen increases, so the amount of care required by law also increases.

---

3A.  O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions – Civil, §155.22 (5th ed. 2001 Duty Imposed by FELA).*

## DEFENDANT'S JURY INSTRUCTION NO. 7

## DUTY OF EMPLOYER AS TO PLACE OF WORK

At the time and place in question, Defendant Red River Valley & Western Railroad had a continuing duty as an employer to use ordinary care under the circumstances in furnishing Plaintiff Allen A. Bosch with a reasonably safe place in which to work.  It was also Defendant Red River Valley & Western Railroad's continuing duty to use ordinary care under the circumstances to maintain and keep such place of work in reasonably safe condition.

This does not mean that Defendant Red River Valley & Western Railroad is a guarantor or insurer of the safety of the Employee.  The extent of Defendant Red River Valley & Western Railroad's duty is to exercise ordinary care under the circumstances to see that the place in which the work is to be performed is reasonably safe under the circumstances shown by the evidence.

_____

3A.  O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions – Civil, §155.23 (5th ed. 2001 Duty Imposed by FELA).(Amended)*

## DEFENDANT'S JURY INSTRUCTION NO. 8

## NEGLIGENCE

The term "negligent" or "negligence" as used in these Instructions means the failure to use that degree of care which an ordinarily careful person would use under the same or similar circumstances.  The degree of care used by an ordinarily careful person depends upon the circumstances which are known or should be known and varies in proportion to the harm that person reasonably should foresee.  In deciding whether a person was negligent you must determine what that person knew or should have known and the harm that should reasonably have been foreseen.

---

Manual of Model Civil Jury Instructions for the District Courts of the Eighth Circuit, Instruction 7.09 (2008).

**DEFENDANT'S JURY INSTRUCTION NO. 9**

**ORDINARY CARE**

"Ordinary care" is the care reasonably prudent persons exercise in the management of their own affairs in order to avoid injury to themselves or their property or the persons or property of others.

Ordinary care is not an absolute term, but a relative one.   In deciding whether ordinary care was exercised in a given case, the conduct in question must be viewed in the light of all the surrounding circumstances as shown by the evidence in the case.

_____

3A.  O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions – Civil, §155.31 (5th ed. 2001 Duty Imposed by FELA).*

## DEFENDANT'S JURY INSTRUCTION NO. 10

## CAUSATION

For purposes of this action, damage is said to be caused or contributed to by an act or failure to act when it appears from a preponderance of the evidence in the case that the act or omission played any part, no matter how small, in bringing about or actually causing the injury or damage.

Stated another way, an act or omission is the cause of injury or damage if the injury or damage would not have happened but for the act or omission, even though the act or omission combined with other causes.

This does not mean that the law recognizes only one cause of an injury or damage, consisting of only one factor or thing, or the conduct of only one person.  On the contrary, many factors or things, or the conduct of two or more persons, may operate at the same time, either independently or together, to cause injury or damage.  In such a case, each may be a cause for the purpose of determining liability.

_____

3A.  O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions – Civil, §155.40 (5th ed. 2001 Duty Imposed by FELA).*

## DEFENDANT'S JURY INSTRUCTION NO. 11

## INFERENCE FROM FACT OF ACCIDENT ALONE

The mere fact, standing alone, that an accident happened does not, unless otherwise expressly stated, permit you to draw the inference that the accident was caused by anyone's negligence.

---

3A.  O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions – Civil, §155.41 (5th ed. 2001 Duty Imposed by FELA).*

## DEFENDANT'S JURY INSTRUCTION NO. 12

## ASSUMPTION OF RISK

Section 4 of the Federal Employers' Liability Act provides, in part, that:

> In any action brought against any common carrier. . .to recover damages for injuries to. . .any of its employees, such employee shall not be held to have assumed the risks of his employment in any case where such injury. . .resulted in whole or in part from the negligence of any of the officers, agents, or employees of such carrier; and no employee shall be held to have assumed the risks of his employment in any case where the violation by such common carrier of any statute enacted for the safety of employees contributed to the injury or death of such employee.

If Plaintiff Allen A. Bosch's injury is caused or contributed to by the negligent act or omission of a fellow employee, acting in the course of the fellow employee's employment, then Defendant Red River Valley & Western Railroad would be responsible for the act or omission of the fellow employee.

---

3A.  O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions – Civil, §155.50 (5th ed. 2001 Duty Imposed by FELA).*

## DEFENDANT'S JURY INSTRUCTION NO. 13

## WHEN VERDICT SHOULD BE FOR DEFENDANT

If you should find:  (1) that Defendant Red River Valley & Western Railroad was not negligent; or (2) that Defendant Red River Valley & Western Railroad was negligent, but such negligence was not a cause of injury or damage sustained by Plaintiff Allen A. Bosch, then your verdict should be for Defendant Red River Valley & Western Railroad.

---

3A.  O´Malley, Grenig & Lee, *Federal Jury Practice and Instructions – Civil, §155.51 (5th ed. 2001 Duty Imposed by FELA).*

## DEFENDANT'S JURY INSTRUCTION NO. 14

## FELA CONTRIBUTORY NEGLIGENCE

If you find in favor of the Plaintiff Allen A. Bosch under Instruction 5, you must consider whether Plaintiff Allen A. Bosch was also negligent in causing or contributing to his injury and damages.  The same causation standard applies to the Plaintiff as it does to the Railroad.

If you find that Plaintiff was negligent in causing or contributing to his injury and damages then,  under this instruction, you must assess a percentage of the total negligence to Plaintiff Allen A. Bosch.

3A.  O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions – Civil, §155.54 (5*[th] *ed. 2001 Duty Imposed by FELA).*

**DEFENDANT'S JURY INSTRUCTION NO. 15**

**MITIGATION**

It is the duty of any person who has been injured to use reasonable diligence and reasonable means under the circumstances, in order to prevent the aggravation of such injuries, to effect a recovery from such injuries and minimize the financial loss or damage caused by those injuries.

If you should find that Plaintiff Allen A. Bosch failed to seek out or take advantage of a business or employment opportunity that was reasonably available to Plaintiff Allen A. Bosch under all the circumstances shown by the evidence, then you should reduce the amount of the Plaintiff's damages by the amount Plaintiff Allen A. Bosch could have reasonably realized if Plaintiff Allen A. Bosch had taken advantage of such opportunity.

3A.  O'Malley, Grenig & Lee, Federal Jury Practice and Instructions – Civil, §155.54 (5th ed. 2001 Duty Imposed by FELA).

## DEFENDANT'S JURY INSTRUCTION NO. 16

### INJURY TO EMPLOYEE

If you find in favor of Plaintiff Allen A. Bosch, then you must award Plaintiff Allen A. Bosch such sum as you find by the preponderance (greater weight) of the evidence will fairly and justly compensate him for any damages you find he sustained and is reasonably certain to sustain in the future as a direct result of the occurrence described in the evidence.  You should consider the following elements of damages:

1.      The physical pain and [mental] [emotional] suffering Plaintiff Allen A. Bosch has experienced and is reasonably certain to experience in the future;

2.      The nature and extent of Plaintiff Allen A. Bosch's injury, whether the injury is temporary or permanent [and whether any resulting disability is partial or total], [including any aggravation of a pre-existing condition];

3.      The earnings Plaintiff Allen A. Bosch has lost to date [and the present value of earnings Plaintiff Allen A. Bosch is reasonably certain to lose in the future].

Remember, throughout your deliberations you must not engage in any speculation, guess or conjecture and you must not award any damages by way of punishment or through sympathy.  You may not include in your award any sum for court costs or attorney fees.

If you assess a percentage of negligence to Plaintiff Allen A. Bosch by reason of Instruction [state the title or number of the contributory negligence instruction], do not diminish the total amount of damages by the percentage of negligence you assess to Plaintiff Allen A. Bosch.  I will do this where appropriate.

---

3A.  O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions – Civil, §155.60 (5th ed. 2001 Duty Imposed by FELA).*

## DEFENDANT'S JURY INSTRUCTION NO. 17

## PRESENT VALUE OF FUTURE LOSS

If you find that Plaintiff Allen A. Bosch is reasonably certain to [lose earnings in the future] [or to incur medical expenses in the future], then you must determine the present value in dollars of such future damage, since the award of future damages necessarily requires that payment be made now in one lump sum and Plaintiff Allen A. Bosch will have the use of the money now for a loss that will not occur until some future date.  You must decide what those future losses will be and then make a reasonable adjustment for the present value.

---

3A.  O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions – Civil, §155.62 (5th ed. 2001 Duty Imposed by FELA).*

## DEFENDANT'S JURY INSTRUCTION NO. 18

## INCOME TAX EFFECTS OF AWARD

Plaintiff Allen A. Bosch will not be required to pay any federal or state income taxes on any amount that you award.  [When calculating lost earnings, if any, you should use after-tax earnings.]

---

3A.  O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions – Civil, §155.63 (5th ed. 2001 Duty Imposed by FELA).*

**DEFENDANT'S JURY INSTRUCTION NO. 19**
**(Move this to No. 15 to follow the contrib. instruction**

**REDUCTION OF DAMAGES OF CONTRIBUTORY NEGLIGENCE**

If you find for Plaintiff Allen A. Bosch but also find that Plaintiff Allen A. Bosch's own negligence was a cause of his injury, you must specify the percentage of negligence you attribute to Plaintiff Allen A. Bosch. [For example, if you attribute to Plaintiff Allen A. Bosch 10 percent of the total negligence which caused the Plaintiff's injury, the amount you would otherwise award Plaintiff Allen A. Bosch must be reduced by 10 percent. Of course, by using 10 percent as an example, I do not mean to suggest any figure to you. The percentage of Plaintiff's negligence, if any, is for you to decide.]

---

3A. O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions – Civil, §155.64 (5th ed. 2001 Duty Imposed by FELA).*

## DEFENDANT'S JURY INSTRUCTION NO. 20

### ISSUES TO BE DETERMINED

The issues to be determined by the jury in this case are these:

**First:  Was Defendant Red River Valley & Western Railroad negligent in one or more of the particulars alleged?**

If your unanimous answer to that question is "No," you will return a verdict for Defendant Red River Valley & Western Railroad.  If your unanimous answer is "Yes," you then have a second issue to determine, namely:

**Second:  Did the negligence of Defendant Red River Valley & Western Railroad cause or contribute to any injury and damage to Plaintiff Allen A. Bosch?**

If your unanimous answer to the question is "No," you will return a verdict for Defendant Red River Valley & Western Railroad.  If your unanimous answer is "Yes," you must then find the answer to a third question, namely:

**Third:  Was Plaintiff Allen A. Bosch guilty of some contributory negligence?**

If you should find that he was not, then, having found in Plaintiff Allen A. Bosch's favor in answer to the first two questions, you will proceed to determine the percentage of Plaintiff Allen A. Bosch's negligence, and specify in the verdict the percentage of negligence.

On the other hand, if you should find, from a preponderance of the evidence in the case, that Plaintiff Allen A. Bosch was guilty of some contributory negligence, and that Plaintiff's fault caused or contributed to any injuries that Plaintiff Allen A. Bosch may have sustained, then you must compare the negligence of the parties and return a verdict in favor of Plaintiff for a reduced amount, based upon the comparison.

---

3A.  O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions – Civil, §155.70 (5th ed. 2001 Duty Imposed by FELA).*

**DEFENDANT'S JURY INSTRUCTION NO. 21**

**SPECIAL VERDICT**

1.      Do you find from a preponderance of the evidence that Defendant Red River Valley & Western Railroad was negligent in the manner claimed by Plaintiff Allen A. Bosch and that such negligence was a legal cause of damage to Plaintiff Allen A. Bosch?

Answer Yes or No _____

2.      If you answered "Yes" to Question One, do you find from a preponderance of the evidence that Plaintiff Allen A. Bosch was negligent in the manner claimed by Defendant Red River Valley & Western Railroad and that such negligence was a legal cause of Plaintiff Allen A. Bosch's own damage?

Answer Yes or No _____

3.      If you answered "Yes" to Question Two, what portion or percentage of Plaintiff Allen A. Bosch's damage do you find from a preponderance of the evidence to have been legally caused by the negligence of the respective parties?

Answer in Terms of Percentages
Defendant _____  _____
Plaintiff     _____  _____

[*Note*:  The total of the percentages given in your answer should equal 100%]

4.      If you answered "Yes" to Question One, what sum of money do you find from a preponderance of the evidence to be the total amount of Plaintiff Allen A. Bosch's damages (without adjustment by application of any percentages you may have given in answer to Question Three)?

Answer in Dollars  $_____

_____

3A.  O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions – Civil, §155.74 (5th ed. 2001 Duty Imposed by FELA).*