IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

ALLEN A. BOSCH,

               Plaintiff,

vs.

RED RIVER VALLEY & WESTERN
RAILROAD COMPANY, a corporation,

               Defendant.

CIVIL ACTION NO. 3:08-cv-00101-RRE-KKK

**PLAINTIFF'S PROPOSED
JURY INSTRUCTIONS**

Plaintiff Allen A. Bosch respectfully requests that the following instructions be given by the Court to the jury.

HUNEGS, LeNEAVE & KVAS, P.A.

Dated: June 8, 2010

     s/Cortney S. LeNeave
     Cortney S. LeNeave, MN ID 018424X
     Attorneys for Plaintiff
     900 Second Avenue South, Suite 1650
     Minneapolis, MN 55402
     (612) 339-4511

## PLAINTIFF'S INSTRUCTION NO. 1

<u>NATURE OF THE ACTION</u>

Plaintiff claims damages under the Federal Employers' Liability Act, commonly known as "FELA," for personal injuries alleged to have been suffered as a result of Defendant's negligence.

Defendant asserts that Plaintiff was not injured as a result of any of its negligence.

It is agreed that, at the time and place alleged by Plaintiff, Defendant was a railroad common carrier engaged in interstate commerce. Plaintiff was then an employee of Defendant, engaged in such commerce. Plaintiff's right, if any, to recover in this case is governed by the provisions of the Federal Employers' Liability Act.

3A O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, §155.01(5th ed. 2001)(consistent with Defendant's Instruction No. 2).

**PLAINTIFF'S JURY INSTRUCTION NO. 2**

FELA IS PLAINTIFF'S SOLE REMEDY

You are hereby instructed that Plaintiff's claim against the Defendant in this case is not covered or protected by a state workers' compensation law.  Plaintiff's only remedy against Defendant in this lawsuit is through the Federal Employers' Liability Act.

Montana Pattern Instruction, 6.00 "FELA-Exclusive Remedy."

## PLAINTIFF'S INSTRUCITION NO. 3

### CORPORATION CAN ACT ONLY THROUGH ITS AGENTS

Since a corporation can act only through its officers, or employees, or other agents, the burden is on the Plaintiff to establish, by the greater weight of the evidence in the case, that the negligence of one or more officers or employees, or other agents of Defendant was the cause, in whole or in part, of any injuries and consequent damages sustained by Plaintiff.

Any negligent act or omission of an officer, or employee, or other agent of a corporation in the performance of that person's duties is held in law to be the negligence of the corporation.

3A O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, §155.02 at 301-302 (5th ed. 2001).

## PLAINTIFF'S INSTRUCITON NO. 4

### STATUTES - GENERALLY

Section 1 of the Federal Employers' Liability Act, under which Plaintiff claims the right

to recover damages in this action, provides in part that:

> Every common carrier by railroad while engaging in commerce between any of
> the several States . . . shall be liable in damages to any person suffering injury
> while he is employed by such carrier in such commerce, . . . for such injury . . .
> resulting in whole or in part form the negligence of any of the officers, agents, or
> employees of such carrier, or by reason of any defect of insufficiency, due to its
> negligence, in its cars, engines, appliances, machinery, track, roadbed, works
> boats, wharves, or other equipment . . . .

3A O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, §155.10 (5th ed.
2001)(consistent with Defendant's Instruction No. 3).

128

**PLAINTIFF'S INSTRUCITION NO. 5**

<u>ESSENTIAL ELEMENTS OF PLAINTIFF'S CLAIM – GENERALLY</u>

In order to prove the essential elements of Plaintiff's claim against Defendant, the burden is on Plaintiff to establish, by a preponderance of the evidence in the case, the following facts:

First:  That Defendant was negligent in one or more of the particulars alleged; and

Second:  That Defendant's negligence caused or contributed, whole or in part, to some injury and consequent damages sustained by Plaintiff.

3A O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, §155.20(5th ed. 2001)(consistant with Defendant's Instruction No. 4).

## PLAINTIFF'S INSTRUCITON NO. 6

<u>PARTICULARS OF CLAIMED NEGLIGENCE OF DEFENDANT</u>

Plaintiff alleges that Defendant's conduct, at the time and place in question, was negligent in the following particulars:

- Defendant failed to adopt, install, implement and enforce safe methods and procedures for the work being performed in its yards and properties where plaintiff was required to work, including but not limited to an employee assigned to ride point on the cut of cars;

- Defendant failed to provide safe and proper supervision of the tracks and trains;

- Defendant failed to provide proper instruction and direction to plaintiff and his co-workers, including but not limited to winter preparedness plans for work performed in defendant's yards;

- Defendant carelessly allowing and permitting dangerous and hazardous conditions to exist on its tracks and work areas where plaintiff was required to work;

- Defendant failed to adopt, install, implement and enforce reasonably safe operating standards and practices in its rail yard;

- Defendant failed to provide reasonably safe equipment including safely and properly maintained yard lights, tracks and switches;

- Defendant failed to maintain, inspect, repair and keep in safe condition the tracks, switches and premises where plaintiff was required to work;

- Defendant negligently required and assigned Plaintiff to work in an unsafe and dangerous place;

- Defendant failed to adopt, enforce and carry out safe customs and practices in the inspection, maintenance, repair and upkeep of the premises and tracks where it assigned and required plaintiff to work; and

- Defendant negligently assigned plaintiff to work in a dangerous and unsafe place without safe and properly maintained premises and equipment when defendant knew or should have known in the exercise of due care that it was physically unsafe and dangerous to do so.

3A O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, §155.21 (5th ed. 2001); <u>Williams v. Atlantic Coast Line R.R. Co.</u>, 190 F.2d 744 (5th Cir. 1951)(duty to inspect, repair and maintain facilities and equipment); <u>Chicago & Western Ry. Co. v. Rieger</u>, 326 F.2d 329 (8th Cir. 1965)(duty to provide proper tools, instruments and equipment); <u>Davis v. Virginia Ry. Co.</u>, 361 U.S. 354 (1960)(duty to adopt and enforce reasonably safe methods and procedures, and duty to provide sufficient help); <u>Wattigney v. Southern Pacific Co.</u>, 411 F.2d 854 (8th Cir. 1969)(duty to warn).

128

## PLAINTIFF'S INSTRUCITION NO. 7

<u>QUANTUM OF CARE VARIES WITH DANGER</u>

Because the amount of care exercised by a reasonably prudent person varies in proportion to the danger known to be involved in what is being done, it follows that the amount of caution required in the use of ordinary care will vary with the nature of what is being done, and all the surrounding circumstances shown by the evidence in the case.   As the danger that should reasonably be foreseen increases, so the amount of care required by law also increases.

3A O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, §155.22 at 314 (5th ed. 2001)(consistant with Defendant's Instruction No. 6).

## PLAINTIFF'S INSTRUCITON NO. 8

### DUTY OF EMPLOYER AS TO PLACE TO WORK

At the time and place in question, Defendant had a continuing duty as an employer at the time and place in question to use ordinary care under the circumstances in furnishing Plaintiff with a reasonably safe place in which to work. It was also Defendant's continuing duty to use ordinary care under the circumstances to maintain and keep such place of work in a reasonably safe condition.

This does not mean that Defendant is a guarantor or insurer of the safety of the place to work. The extent of Defendant's duty is to exercise ordinary care under the circumstances to see that the place in which the work is to be performed is reasonably safe under the circumstances shown by the evidence.

Defendant's duty includes the responsibility and requirement to inspect the premises where the Defendant's employees will be working and their equipment. Defendant must take reasonable precautions to protect its employees from possible dangers whether on Defendant's own premises. This includes the Breckenridge Yards were Plaintiff was working at the time of the incident.

3A O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, §155.23 (5th Edition 2001)(last sentence added to conform to the evidence).

## PLAINTIFF'S INSTRUCITION NO. 9

<u>DUTY OF CARE – ADOPT AND ENFORCE RULES AND PROCEDURES</u>

At the time and place in question, Defendant had a continuing duty as an employer to adopt and enforce reasonably safe rules and procedures.  In addition, if Defendant had in place rules and procedures, Defendant and its employees had the duty to make sure the rules and procedures were complied with and followed in the performance of their work. The failure to adopt, enforce or comply with railroad rules, regulations and procedures is negligence per se.

<u>Davis v. Virginia Ry. Co.</u>, 361 U.S. 354 (1960)(duty to adopt and enforce reasonably safe methods and procedures).

## PLAINTIFF'S INSTRUCTION NO. 10

DUTY OF CARE – PROVIDE SUFFICIENT LIGHTING

At the time and place question, Defendant had a continuing duty as an employer to provide Plaintiff with proper tools and equipment to perform his assigned duty. This duty would include the requirement to provide sufficient lighting in its yards.

Chicago & Western Ry. Co. v. Rieger, 326 F.2d 329 (8th Cir. 1965)(duty to provide proper tools, instruments and equipment).

**PLAINTIFF'S INSTRUCITION NO. 11**

128

DUTY OF CARE – PROVIDE SUFFICIENT SUFFICENT HELP

At the time and place question, Defendant had a continuing duty as an employer to assign a sufficient number of employers to perform the job.  Included in this duty is the requirement that it assign sufficient number of employees to inspect and maintain its yard so switching operations could proceed in a reasonably safe manner.

Davis v. Virginia Ry. Co., 361 U.S. 354 (1960)( duy to provide sufficient help).

**PLAINTIFF'S INSTRUCITION NO. 12**

## <u>DEFENDANT'S DUTY IS A CONTINUING AND NONDELEGABLE DUTY</u>

Defendant's duty to Plaintiff is continuing and nondelegable.  Thus, is not relieved of its duty by asserting that Plaintiff was responsible to recognize that certain work-related activities, conditions, tools, equipment and procedures are unsafe.

<u>Birchem v. Burlington Northern R.R. Co.</u>, 812 F.2d 1047 (8th Cir. 1987)(non-delegable duty); <u>Carter v. Union Railroad Co.</u>, 438 F.2d 208 (3rd Cir. 1971)(non-delegable duty).

**PLAINTIFF'S INSTRUCITION NO. 13**

128

## FEDERAL EMPLOYERS' LIABILITY ACT – DEFINITIONS - NEGLIGENCE

"Negligence" is the doing of some act that a reasonably prudent person would not do, or the failure to do something that a reasonably prudent person would do when prompted by considerations that ordinarily regulate the conduct of human affairs.  It is the failure to use ordinary care under the circumstances in the management of one's person or property.

The definition of "negligence" under FELA requires Defendant to guard against those risks or dangers of which it knew or by the exercise of due care should have known.  In other words, Defendant's duty is measured by what a reasonably prudent person would anticipate or foresee resulting from particular circumstances.

In determining whether Defendant knew, or through the exercise of reasonable care should have known of a particular risk or danger, you may consider:

First, any evidence presented concerning any knowledge of Defendant or its supervisors or agents;

Second, any evidence presented concerning whether the risk was brought to the attention of Defendant, its supervisors or agents, by such means as statements, complaints, or protests that a particular condition or assignment was dangerous; and

Third, whether a reasonably prudent person would have performed inspections that would have taken reasonable precautions against the risk based on such actual knowledge, statements, complaints, or protests, or reasonable inspection, and you find that Defendant failed to take such reasonable precautions, then you may find that Defendant was negligent.

If you find by a preponderance of the evidence that a reasonably prudent person would have taken reasonable precautions against the risk based on such actual knowledge, statements, complaints, or protests, or reasonable inspections and you find that Defendant failed to take such reasonable precautions, then you must find that Defendant was negligent.

14

You may find Defendant negligent if you find that Defendant instructed its employees to perform tasks with a number of employees or with a procedure or method that it knew or in the exercise of reasonable care should have known would result in injuries.

3A O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, §155.30 (5th ed. 2001).

## PLAINTIFF'S INSTRUCITION NO. 14

### FEDERAL EMPLOYERS' LIABILITY ACT - ORDINARY CARE

"Ordinary care" is that care reasonably prudent person exercises in the management of their own affairs in order to avoid injury to themselves or their property or the persons or property of others.

Ordinary care is not an absolute term, but a relative one. In deciding whether ordinary care was exercised in a given case, the conduct in question must be viewed in the light of all the surrounding circumstances as shown by the evidence in the case.

With respect to conduct of a reasonably prudent person, prudent means circumspect in action, or in determining any line of conduct. Practically wise, judicious, careful, discreet, circumspect, sensible. In defining negligence it is practically synonymous with cautious.

3A O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 155.31  (5th ed. 2001); last paragraph defining prudent taken from Black's Law Dictionary 1104 (5th ed. 1979)(First two paragraphs consistent with Defendant's Instruction No. 9).

## PLAINTIFF'S INSTRUCITION NO. 15

### FEDERAL EMPLOYERS' LIABILITY ACT - CAUSATION

For purposes of this action, damage is said to be caused or contributed by an act or failure to act when it appears from a preponderance of the evidence in the case that the act or omission cause in whole or in part in bringing about or actually causing the injury or damage. So if you should find from the evidence in the case that any negligence of Defendant contributed in any way toward any injury or damage suffered by Plaintiff, you may find that such injury or damage was caused by Defendant's act or omission.

Stated another way, an act or omission is the cause of injury or damage if the injury or damage would not have happened but for the act or omission, even though the act or omission combined with other causes.

This does not mean that the law recognizes only one cause of an injury or damage, consisting of only one factor or thing, or the conduct of only one person. On the contrary, many factors or things, or the conduct of two or more persons, many operate at the same time, either independently or together, to cause injury or damage. In such a case, each may be a cause for the purpose of determining liability.

3A O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, §155.40 (5th ed. 2001)(modified by using statutory language for causation of "in whole or in part" otherwise consistent with Defendant's Instruction No. 10).

## PLAINTIFF'S INSTRUCITION NO. 16

<u>VIOLATION OF FEDERAL RAILROAD ADMINSTRATION REGULATION</u>

A railroad is also liable when it violates a federal regulation promulgated by the Federal Railroad Adminstration that requires a railroad to act or conduct its practices in a specific manner.   Plaintiff alleges that defendant violated the following Federal Railroad Administration Regulations:

> Radio communication shall not be used in connection with a railroad operation in a manner which conflicts with the requirements of this part, Federal Communication Commission regulations, or the railroad's operating rules.   49 C.F.R. § 220.43.

> Any radio communication which is not fully understood or completed in accordance with the requirements of this part and the operating rules of the railroad, shall not be acted upon and shall be treated as though not sent. 49 C.F.R. § 220.45

> When radio communication is used in connection with the shoving, backing or pushing of a train, locomotive, car, or on-track equipment, the employee directing the movement shall specify the distance of the movement, and the movement shall stop in one-half the remaining distance unless additional instructions are received.  If the instructions are not understood, the movement shall be stopped immediately and may not be resumed until the misunderstanding has been resolved, radio contact has been restored, or communication has been achieved by hand signals or other procedures in accordance with the operating rules of the railroad.  49 C.R.F. § 220.49

If you should find from a preponderance of the evidence that Defendant violated any or all of the federal regulations as alleged, and that the violation caused in whole or in part in bringing about or actually causing injury to Plaintiff, then Plaintiff is entitled to recover from Defendant such damages as you find form a preponderance of the evidence that Plaintiff actually sustained as a result of the violation of the federal regulation without any requirement of a showing of negligence on the part of Defendant.

Contributory negligence is not a defense in whole or in part to damages caused in whole or part by violation of the Federal Railroad Administration regulation.

3A O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, §155.100 (5th Ed. 2001)(modified); 45 U.S.C. § 54a; <u>Kernan v. American Dredging Co.</u>, 355 U.S. 426, 432-33 (1958); <u>Eckert v. Aliquippa and Southern RR. Co.</u>, 828 F.2d 183, 187 (3rd Cir. 1987).

**PLAINTIFF'S INSTRUCITION NO. 17**

<u>VIOLATION OF FEDERAL RAILROAD ADMINSTRATION REGULATION –
CAUSATION</u>

If you find from a preponderance of the evidence that Defendant violated a Federal

Railroad Adminstration Regulation and that violation caused, in whole or in part, the bringing

about of or causing of injury to Plaintiff, then you should find such violation was a cause of

plaintiff's injury on the verdict form.  The plaintiff is then entitled to recover from Defendant

such damages as you shall find form a preponderance of the evidence that Plaintiff actually

sustained as a result of the violation of the regulation in question, without any requirement of a

showing of negligence on the part of the Defendant.

3A  O'Malley,  Grenig  &  Lee,  <u>Federal  Jury  Practice  and  Instructions,</u>  §155.120  (5th  Ed.

2001)(modified to reflect FRA violation).

## PLAINTIFF'S INSTRUCITION NO. 18

<u>ASSUMPTION OF RISK</u>

Section 4 of the Federal Employers' Liability Act provides, in part, that:

In any action brought against any common carrier. . . to recover damages for injuries to. . .any of its employees, such employee shall not be held to have assumed the risks of his employment in any case where such injury. . .resulted in whole or in part from the negligence of any of the officers, agents, or employees of such carrier; and no employee shall be held to have assumed the risks of his employment in any case where the violation by such common carrier of any statute enacted for the safety of employees contributed to the injury or death of such employee.

If Plaintiff's injury is caused or contributed to by the negligent act or omission of a fellow employee, acting in the course of the fellow employee's employment, then Defendant would be responsible for the act or omission of the fellow employee.

3A O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, §155.50 at 334 (5th ed. 2001)(consistent with Defendant's Instruction No. 12).

**PLAINTIFF'S INSTRUCITON NO. 19**

<u>ASSUMPTION OF RISK  IS NOT NEGLIGENCE</u>

You may not find the Plaintiff contributorily negligent simply because he acceded to the request or direction of the responsible representatives of his employer or that he worked at a dangerous job, or in a dangerous place, or under unsafe conditions.   Also, the alternative of Plaintiff quitting rather than perform an assigned job is not evidence of contributory negligence.

45 U.S.C. § 54; <u>Blair v. Baltimore & Ohio R.R. Co.</u>, 323 U.S. 600 (1945); <u>Taylor v. Burlington Northern R.R. Co.</u>, 787 F.2d 1309 (9th Cir. 1986); <u>Fashauer v. New Jersey Transit Rail Operations, Inc.</u>, 57 F.3d 1269, 1278 (3rd Cir 1995).

128

## PLAINTIFF'S INSTRUCITON NO. 20

<u>PRE-EXISTING SUSCEPTIBILITY</u>

The defendant takes the plaintiff as it finds him, that is, if the defendant is liable to plaintiff, the defendant is liable for all of the consequences which its negligence played any part, even the slightest, in producing and plaintiff is entitled to be compensated for all injury and damage suffered by him, even the improbable or unexpectedly severe consequences of defendant's negligence or wrongful act.

Gallick v. Baltimore & Ohio R.R. Co., 372 U.S. 108, 83 S.Ct. 659 (1963); Holladay v. Chicago, B. & Q. R. Co., 255 F.Supp. 879 (S.D. Ia. 1966); Lancaster v. Norfolk & Western Ry. Co., 773 F.2d 807, cert. denied, 107 S.Ct. 1602, 94 L.Ed.2d 788 (7th Cir. 1985).

## PLAINTIFF'S INSTRUCTION NO. 21

### LIFE EXPECTANCY - TABLE OF MORTALITY

The standard table of mortality which the Court has judicially noticed and received in evidence in this case may be considered by you in determining how long the claimant may live. According to the table of mortality, the life expectancy in this country of a male person 60 years of age is ____ years.

Life expectancy, as shown by a mortality table, is merely an estimate of the probable average remaining length of life of all persons in the United States of a given age and sex, and that estimate is based upon a limited record of experience.  So, the inference which may reasonably be drawn from life expectancy, as shown by the table, applies only to one who has the average health and exposure to danger of people of that age and sex.

In determining the reasonably certain life expectancy of the plaintiff, you should consider, in addition to what is shown by the table of mortality, all other facts and circumstances in evidence in the case bearing upon the life expectancy of the plaintiff, including his occupation, habits, past health record and present state of health.

When considering life expectancy, in determining any reasonably certain future damages, you will bear in mind, of course, the distinction between entire-life expectancy and work-life expectancy.

Those elements of damage that are related to future income (or future support from a spouse) should be measured only by the plaintiff's remaining work life expectancy, not his entire life expectancy.

3 Devitt, Blackmar & Wolff, Federal Jury Practice and Instructions, § 85.10 (4th ed. 1987).

128

## PLAINTIFF'S INSTRUCITON NO. 22

### DAMAGES

If you find in favor of Plaintiff then you must award him such sum as you find by the preponderance [greater weight] of the evidence will fairly and justly compensate Plaintiff Lawrence Schumacher for any damages you find Plaintiff Lawrence Schumacher sustained and is reasonably certain to sustain in the future as a direct result of the occurrence described in the evidence. You should consider the following elements of damages:

1.   The physical pain and [mental] [emotional] suffering Plaintiff has experienced and is reasonably certain to experience in the future;

2.   The nature and extent of Plaintiff's injury, whether the injury is temporary or permanent [and whether any resulting disability is partial or total], [including any aggravation of a pre-existing condition];

3.   The reasonable expense of medical care and supplies reasonably needed by and actually provided to Plaintiff to date [and the present value of reasonably necessary medical care and supplies reasonably certain to be received in the future];

4.   The earnings Plaintiff has lost to date [and the present value of earnings Plaintiff is reasonably certain to lose in the future];

5.   The reasonable value of household services that Plaintiff has been unable to perform to date [and the present value of household services Plaintiff is reasonably certain to be unable to perform in the future].

Remember, throughout your deliberations you must not engage in any speculation, guess, or conjecture and you must not award any damages by way of punishment or through sympathy.

You may not include in your award any sum for court costs or attorneys fees.

3A O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 155.140 (5th ed. 2001)(last paragraph deleted)(consistent with Defendant's Instruction No. 16).

## PLAINTIFF'S INSTRUCITION NO. 23

PRESENT VALUE OF FUTURE LOSS

If you find that Plaintiff is reasonably certain to [lose earnings in the future] [or to incur medical expenses in the future], then you must determine the present value in dollars of such future damage, since the award of future damages necessarily requires that payment be made now in one lump sum and Plaintiff will have the use of the money now for a loss that will not occur until some future date.  You must decide what those future losses will be and then make a reasonable adjustment for the present value.

3A O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 155.142 (5th ed. 2001)(consistent with Defendant's Instruction No. 17).

## PLAINTIFF'S INSTRUCITION NO. 24

INCOME TAX EFFECTS OF AWARD

Plaintiff will not be required to pay any federal or state income taxes on any amount that you award. [When calculating lost earnings, if any, you should use after-tax earnings].

3A O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions,</u> § 155.143 (5th ed. 2001)(consistent with Defendant's Instruction No. 18).

## PLAINTIFF'S INSTRUCITION NO. 25

### DEFENDANT TAKES PLAINTIFF AS IT FINDS HIM

Defendant takes the Plaintiff as it finds him, that is, if the Defendant is liable to Plaintiff, the Defendant is liable for all of the consequences which its negligence caused, in whole or in part, and Plaintiff is entitled to be compensated for all injury and damage suffered by him, even the improbable or unexpectedly severe consequences of Defendant's negligence or wrongful act.

Gallick v. Baltimore & Ohio R.R. Co., 372 U.S. 108 (1963); Holladay v. Chicago, B. & Q. R. Co., 255 F.Supp. 879 (S.D. Ia. 1966); Lancaster v. Norfolk & Western Ry. Co., 773 F.2d 807, cert. denied, 107 S.Ct. 1602 (7th Cir. 1985).

## PLAINTIFF'S INSTRUCITON NO. 26

FAILURE TO MITIGATE

In asserting the defense of failure to mitigate damages in this case, Defendant has the burden of offering evidence to support its defense. The concept of mitigation includes that an injured person take advantage of employment opportunity that was or is available to him or her under all the circumstances shown by the evidence.

A failure to mitigate defense is not supported by evidence that a job is or was available if the alleged job falls outside Plaintiff's physical restrictions or capabilities; or evidence that a job is or was available that requires Plaintiff to move away from his community and family. Additionally, if Defendant claims that there were jobs available to Plaintiff within the railroad, the railroad must offer evidence that there was an actual bona fide job offer of employment rather than merely discussion about a job.

Burden of proof based on Wilson v. Union Pacific R.R. Co., 56 F.3d 1226 (10th Cir. 1995); second sentence in first paragraph taken from 3A O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, §§155.54 (5th ed. 2001); jobs within injured person's physical restrictions based on Wilson v. Union Pacific R.R. Co., 56 F.3d 1226 (10th Cir. 1995); Schneider v. National R.R. Passenger Corp., 987 F.2d 132 (2nd Cir. 1993), Ahlf v. CSX Trans. Inc., 386 F.Supp.2d 83 (N.D.N.Y. 2005); jobs within geographical region based on Coleman v. City of Omaha, 714 F.2d 804 (8th Cir. 1983); Wagner v. Union Pacific R.R. Co., 11 Neb.App. 1, 642 N.W.2d 821 (2002); bona fide job offers based on Zimmerman v. Montour R.R. Co., 191 F.Supp. 433 (W.D.Pa. 1961), aff'd, 296 F.2d 97 (3rd Cir. 1962), cert. denied, 369 U.S. 828 (1962), Southern Pacific Trans. Co. v. Fitzgerald, 577 P.2d 1234 (Nev. 1978), Plourd v. Southern Pacific Trans. Co., 513 P.2d 1140 (Or. 1973).

## PLAINTIFF'S INSTRUCITON NO. 27

<u>RIGHT TO ASSUME CO-WORKER WILL FOLLOW WORK RULES AND PROCEDURES</u>

Plaintiff had a right to assume that his co-worker would obey Defendant's work rules and procedures while discharging their job duties.

<u>Bracy v. Great Northern Ry. Co.</u>, 136 Mont. 65, 343 P.2d 848 (1959).

31