IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | |
|---|---|
| ALLEN A. BOSCH,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>RED RIVER VALLEY & WESTERN RAILROAD COMPANY, a corporation,<br><br>　　　　Defendant. | CIVIL ACTION NO. 3:08-cv-00101-RRE-KKK<br><br>**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION *IN LIMINE* TO LIMIT THE TESTIMONY OF ALAN BLACKWELL** |

## INTRODUCTION

Plaintiff's pending lawsuit is brought pursuant to the Federal Employers' Liability Act (FELA), 45 U.S.C. §§ 51-60, to recover damages for injuries suffered on February 28, 2007, while working as a trainman for Defendant at its railroad yards in Breckenridge, Minnesota. The incident took place during the night, and Plaintiff was struck by a railcar during switching maneuvers during heavy snow storm. Plaintiff respectfully submits this memorandum of law in opposition to Defendant's motion to exclude certain limited testimony of Mr. Alan Blackwell, a railroad expert concerning track maintenance, snow removal and track engineering. Defendant seeks to exclude Mr. Blackwell's reference to certain recommendations, guidelines and known industry customs and practices relating to Defendant's failure to properly maintain, inspect and otherwise address safety related matters involving snow removal, lighting and track conditions.

Plaintiff submits that Mr. Blackwell is (1) a qualified expert in the field of track engineering, maintenance, practices, and standards as well as (2) properly offering opinions concerning well-known industry guidelines, recommendations and standards from railroad

257898-1

associations including the Association of American Railroads (AAR) and American Railroad Engineering Maintenance Association (AREMA).

## ARGUMENT

The standard for the admission of expert testimony is twofold. First, the expert must be qualified to testify concerning the subject matter due to his or her knowledge, skill, experience, training, or education. Fed. R. Evid. 702. The second requirement is that the testimony must be "based on sufficient facts or data," "the produce of reliable principles and methods," and "the witness has applied the principles and methods reliably to the facts of the case." *Id.* A district court has wide discretion in making decisions concerning the admissibility of expert witness testimony. *U.S. v. Kehoe*, 310 F.3d 579, 593 (8th Cir. 2002).

In Defendant's present motion, the railroad does not attack the qualifications of Mr. Blackwell to testify concerning the subject matter. In fact, any such challenge would fail as Mr. Blackwell has significant experience, training, and instruction in the area in which he is prepared to testify. Rather, Defendant is seeking to exclude certain opinions of Mr. Blackwell on the basis that the various associations of which Defendant is a member, including AAR and AREMA, do not establish standards for the industry. Defendant suggests those industry groups merely establish recommendations, and therefore seeks to exclude the recommendations of its own industry associations on the very matters at issue. Defendant's motion should be denied.

The opinions of Mr. Blackwell concerning "standards" clearly reference that they are recommendations and guidelines within the industry and it is Mr. Blackwell's opinion that those are appropriate standards to be followed. Mr. Blackwell's reliance on AAR and AREMA standards is consistent with Eight Circuit law as well as other federal circuit case law. *See*

*Brown v. Cedar Rapids & Iowa City Ry. Co.*, 650 F.2d 159, 162-63 (8th Cir. 1981)(federal trend "favors admission of industry or voluntary association codes and of private codes adopted by an employer" as evidence of whether railroad exercised due care); *Moses v. Union Pacific R.R.*, 64 F.3d 413, 419 (8th Cir. 1995)("AAR rules, and industry safety rules in general, are admissible as some evidence that the railroad has acted in a generally non-negligent fashion"); *Fulton v. St. Louis-San Francisco Ry. Co.* 675 F.2d 1130, 1133 (10th Cir. 1982)("[a] court may permit a jury to consider as evidence of negligence the failure to comply with relevant national rules or standards of conduct").

Furthermore, Mr. Blackwell will be subject to cross examination on these matters and it will be for the jury to determine the appropriate weight to give his opinions under all of the circumstances, including his training, education, experience and knowledge of the industry customs, practices, recommendations, and guidelines.

The guidelines and recommendations of AREMA and/or the AAR as well as the FRA are simply pieces of evidence that a jury may decide to accept or reject. Similarly, the jury may place the desired and appropriate weight to each piece of evidence, including industry guidelines in determining the reasonableness of the RR's conduct. In other words, the jury will ultimately determine under all of the circumstances, including the various recommendations, guidelines, customs and practices for the industry, whether the railroad exercised appropriate and reasonable care on February 28, 2007.

The recommendations and guidelines are relevant to proving notice as well. The guidelines and recommendations are in place due to the known risk and dangers involved in railroad work. The recommendations put defendant RR on notice of the hazards, dangers and

need to take corrective action. The standard of care requires a consideration of what the railroad knew or should have known about the hazards as well as the appropriate action to be taken to address the hazard. Accordingly, Mr. Blackwell should be allowed to testify concerning the items delineated in Defendant's motion *in Limine* and Defendant's motion should be denied.

## CONCLUSION

Wherefore, Plaintiff requests that Defendant's motion *in Limine* concerning Mr. Blackwell's proposed testimony and opinions be denied in its entirety.

HUNEGS, LeNEAVE & KVAS, P.A.

Dated: June 7, 2010

s/Cortney S. LeNeave
Cortney S. LeNeave, MN ID 18424X
Attorneys for Plaintiff
900 Second Avenue South, Suite 1650
Minneapolis, Minnesota 55402
(612) 339-4511
**ATTORNEYS FOR PLAINTIFF**