IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

ALLEN A. BOSCH,

          Plaintiff,

vs.

RED RIVER VALLEY & WESTERN
RAILROAD COMPANY, a corporation,

          Defendant.

CIVIL ACTION NO. 3:08-cv-00101-RRE-KKK

**PLAINTIFF'S ADDITIONAL
PROPOSED JURY INSTRUCTIONS**

Plaintiff Allen A. Bosch respectfully requests that the following contested instructions be given by the Court to the jury.

HUNEGS, LeNEAVE & KVAS, P.A.

Dated: June 8, 2010

   s/Cortney S. LeNeave
Cortney S. LeNeave, MN ID 018424X
Attorneys for Plaintiff
900 Second Avenue South, Suite 1650
Minneapolis, MN 55402
(612) 339-4511

**PLAINTIFF'S JURY INSTRUCTION NO. 1**

<u>FELA IS PLAINTIFF'S SOLE REMEDY</u>

You are hereby instructed that Plaintiff's claim against the Defendant in this case is not covered or protected by a state workers' compensation law.  Plaintiff's only remedy against Defendant in this lawsuit is through the Federal Employers' Liability Act.

Montana Pattern Instruction, 6.00 "FELA-Exclusive Remedy."

## PLAINTIFF'S INSTRUCTION NO. 2

<u>PARTICULARS OF CLAIMED NEGLIGENCE OF DEFENDANT</u>

Plaintiff contends that Defendant failed to comply with its duty to provide a reasonably safe place to work.  You are instructed that it is:

1. The railroad's duty to provide a reasonably safe place to work for Plaintiff and that this duty includes the following.

2. The railroad has a duty to inspect and maintain its premises and determine whether or not it is reasonably safe to proceed with the requested work based upon all of the circumstances.

3. The railroad has a duty to assign a sufficient number of men to reasonably and safely perform the work, including the appropriate and reasonable maintenance of its property.

4. The railroad has a duty to provide proper tools and equipment to safely perform the work.  This duty includes the duty to provide proper and adequate lighting so that the workplace is in a reasonably safe condition.

5. The railroad has a continuing duty to provide adequate supervision of the work being performed to insure that its rules and regulations, customs and practices are being followed and that the work is being performed in a reasonably safe manner.

6. Defendant railroad and its employees had a duty to implement, follow and enforce rules and regulations applicable to the work being performed.  The failure of the employee to follow this specific rule or regulation is negligence.

Plaintiff contends that Defendant failed in one or more of the above described duties and that its failure to meet its duty caused, in whole or in part, Plaintiff's injury.  If you should find that Defendant was negligent in failing to provide a safe place to work or otherwise failed to provide a reasonably safe place to work, then you find that Defendant was negligent.  You must then determine whether or not Defendant's negligence played a part, no matter how small, in causing Plaintiff's injuries.

128

3A O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, §155.21 (5th ed. 2001); <u>Williams v. Atlantic Coast Line R.R. Co.</u>, 190 F.2d 744 (5th Cir. 1951)(duty to inspect, repair and maintain facilities and equipment); <u>Chicago & Western Ry. Co. v. Rieger</u>, 326 F.2d 329 (8th Cir. 1965)(duty to provide proper tools, instruments and equipment); <u>Davis v. Virginia Ry. Co.</u>, 361 U.S. 354 (1960)(duty to adopt and enforce reasonably safe methods and procedures, and duty to provide sufficient help); <u>Wattigney v. Southern Pacific Co.</u>, 411 F.2d 854 (8th Cir. 1969)(duty to warn).

128

## PLAINTIFF'S INSTRUCTION NO. 3

DUTY OF CARE – ADOPT AND ENFORCE RULES AND PROCEDURES

At the time and place in question, Defendant had a continuing duty as an employer to adopt and enforce reasonably safe rules and procedures.  In addition, if Defendant had in place rules and procedures, Defendant and its employees had the duty to make sure the rules and procedures were complied with and followed in the performance of their work. The failure to adopt, enforce or comply with railroad rules, regulations and procedures is negligence.

Davis v. Virginia Ry. Co., 361 U.S. 354 (1960)(duty to adopt and enforce reasonably safe methods and procedures).

## PLAINTIFF'S INSTRUCTION NO. 4

### DUTY OF CARE – PROVIDE SUFFICIENT LIGHTING

At the time and place question, Defendant had a continuing duty as an employer to provide Plaintiff with proper tools and equipment to perform his assigned duty.  This duty would include the requirement to provide sufficient lighting in its yards.

Chicago & Western Ry. Co. v. Rieger, 326 F.2d 329 (8th Cir. 1965)(duty to provide proper tools, instruments and equipment).

128

**PLAINTIFF'S INSTRUCTION NO. 5**

<u>DUTY OF CARE – PROVIDE SUFFICIENT SUFFICENT HELP</u>

At the time and place question, Defendant had a continuing duty as an employer to assign a sufficient number of employers to perform the job.  Included in this duty is the requirement that it assign sufficient number of employees to inspect and maintain its yard so switching operations could proceed in a reasonably safe manner.

<u>Davis v. Virginia Ry. Co.</u>, 361 U.S. 354 (1960)( duy to provide sufficient help).

## PLAINTIFF'S INSTRUCTION NO. 6

<u>DEFENDANT'S DUTY IS A CONTINUING AND NONDELEGABLE DUTY</u>

Defendant's duty to Plaintiff is continuing and nondelegable.  Thus, is not relieved of its duty by asserting that Plaintiff was responsible to recognize that certain work-related activities, conditions, tools, equipment and procedures are unsafe.

<u>Birchem v. Burlington Northern R.R. Co.</u>, 812 F.2d 1047 (8th Cir. 1987)(non-delegable duty);
<u>Carter v. Union Railroad Co.</u>, 438 F.2d 208 (3rd Cir. 1971)(non-delegable duty).

128

## PLAINTIFF'S INSTRUCTION NO. 7

FEDERAL EMPLOYERS' LIABILITY ACT – DEFINITIONS - NEGLIGENCE

"Negligence" is the doing of some act that a reasonably prudent person would not do, or the failure to do something that a reasonably prudent person would do when prompted by considerations that ordinarily regulate the conduct of human affairs. It is the failure to use ordinary care under the circumstances in the management of one's person or property.

The definition of "negligence" under FELA requires Defendant to guard against those risks or dangers of which it knew or by the exercise of due care should have known. In other words, Defendant's duty is measured by what a reasonably prudent person would anticipate or foresee resulting from particular circumstances.

In determining whether Defendant knew, or through the exercise of reasonable care should have known of a particular risk or danger, you may consider:

First, any evidence presented concerning any knowledge of Defendant or its supervisors or agents;

Second, any evidence presented concerning whether the risk was brought to the attention of Defendant, its supervisors or agents, by such means as statements, complaints, or protests that a particular condition or assignment was dangerous; and

Third, whether a reasonably prudent person would have performed inspections that would have taken reasonable precautions against the risk based on such actual knowledge, statements, complaints, or protests, or reasonable inspection, and you find that Defendant failed to take such reasonable precautions, then you may find that Defendant was negligent.

If you find by a preponderance of the evidence that a reasonably prudent person would have taken reasonable precautions against the risk based on such actual knowledge, statements, complaints, or protests, or reasonable inspections and you find that Defendant failed to take such reasonable precautions, then you must find that Defendant was negligent.

9

You may find Defendant negligent if you find that Defendant instructed its employees to perform tasks with a number of employees or with a procedure or method that it knew or in the exercise of reasonable care should have known would result in injuries.

3A O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, §155.30 (5th ed. 2001).

## PLAINTIFF'S INSTRUCTION NO. 8

### FEDERAL EMPLOYERS' LIABILITY ACT - ORDINARY CARE

"Ordinary care" is that care reasonably prudent person exercises in the management of their own affairs in order to avoid injury to themselves or their property or the persons or property of others.

Ordinary care is not an absolute term, but a relative one. In deciding whether ordinary care was exercised in a given case, the conduct in question must be viewed in the light of all the surrounding circumstances as shown by the evidence in the case.

With respect to conduct of a reasonably prudent person, prudent means circumspect in action, or in determining any line of conduct. Practically wise, judicious, careful, discreet, circumspect, sensible. In defining negligence it is practically synonymous with cautious.

3A O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 155.31 (5th ed. 2001); last paragraph defining prudent taken from Black's Law Dictionary 1104 (5th ed. 1979)(First two paragraphs consistent with Defendant's Instruction No. 9).

## PLAINTIFF'S INSTRUCTION NO. 9

### FEDERAL EMPLOYERS' LIABILITY ACT - CAUSATION

For purposes of this action, damage is said to be caused or contributed by an act or failure to act when it appears from a preponderance of the evidence in the case that the act or omission cause in whole or in part in bringing about or actually causing the injury or damage. So if you should find from the evidence in the case that any negligence of Defendant contributed in any way toward any injury or damage suffered by Plaintiff, you may find that such injury or damage was caused by Defendant's act or omission.

Stated another way, an act or omission is the cause of injury or damage if the injury or damage would not have happened but for the act or omission, even though the act or omission combined with other causes.

This does not mean that the law recognizes only one cause of an injury or damage, consisting of only one factor or thing, or the conduct of only one person. On the contrary, many factors or things, or the conduct of two or more persons, many operate at the same time, either independently or together, to cause injury or damage. In such a case, each may be a cause for the purpose of determining liability.

3A O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, §155.40 (5th ed. 2001)(modified by using statutory language for causation of "in whole or in part" otherwise consistent with Defendant's Instruction No. 10).

## PLAINTIFF'S INSTRUCTION NO. 10

<u>VIOLATION OF FEDERAL RAILROAD ADMINSTRATION REGULATION</u>

A railroad is also liable when it violates a federal regulation promulgated by the Federal Railroad Adminstration that requires a railroad to act or conduct its practices in a specific manner.   Plaintiff alleges that defendant violated the following Federal Railroad Administration Regulations:

> Radio communication shall not be used in connection with a railroad operation in a manner which conflicts with the requirements of this part, Federal Communication Commission regulations, or the railroad's operating rules.   49 C.F.R. § 220.43.

> Any radio communication which is not fully understood or completed in accordance with the requirements of this part and the operating rules of the railroad, shall not be acted upon and shall be treated as though not sent. 49 C.F.R. § 220.45

> When radio communication is used in connection with the shoving, backing or pushing of a train, locomotive, car, or on-track equipment, the employee directing the movement shall specify the distance of the movement, and the movement shall stop in one-half the remaining distance unless additional instructions are received.  If the instructions are not understood, the movement shall be stopped immediately and may not be resumed until the misunderstanding has been resolved, radio contact has been restored, or communication has been achieved by hand signals or other procedures in accordance with the operating rules of the railroad.  49 C.R.F. § 220.49

If you should find from a preponderance of the evidence that Defendant violated any or all of the federal regulations as alleged, and that the violation caused in whole or in part in bringing about or actually causing injury to Plaintiff, then Plaintiff is entitled to recover from Defendant such damages as you find form a preponderance of the evidence that Plaintiff actually sustained as a result of the violation of the federal regulation without any requirement of a showing of negligence on the part of Defendant.

Contributory negligence is not a defense in whole or in part to damages caused in whole or part by violation of the Federal Railroad Administration regulation.

3A O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, §155.100 (5th Ed. 2001)(modified); 45 U.S.C. § 54a; <u>Kernan v. American Dredging Co.</u>, 355 U.S. 426, 432-33 (1958); <u>Eckert v. Aliquippa and Southern RR. Co.</u>, 828 F.2d 183, 187 (3rd Cir. 1987).

**PLAINTIFF'S INSTRUCTION NO. 11**

VIOLATION OF FEDERAL RAILROAD ADMINSTRATION REGULATION –
CAUSATION

If you find from a preponderance of the evidence that Defendant violated a Federal

Railroad Adminstration Regulation and that violation caused the bringing about of or causing of

injury to Plaintiff, then you should find such violation was a cause of plaintiff's injury on the

verdict form.  The plaintiff is then entitled to recover from Defendant such damages as you shall

find form a preponderance of the evidence that Plaintiff actually sustained as a result of the

violation of the regulation in question, without any requirement of a showing of negligence on

the part of the Defendant.

3A O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, §155.120 (5th Ed.
2001)(modified to reflect FRA violation).

## PLAINTIFF'S INSTRUCTION NO. 12

### ASSUMPTION OF RISK  IS NOT NEGLIGENCE

You may not find the Plaintiff contributorily negligent simply because he acceded to the request or direction of the responsible representatives of his employer or that he worked at a dangerous job, or in a dangerous place, or under unsafe conditions.   Also, the alternative of Plaintiff quitting rather than perform an assigned job is not evidence of contributory negligence.

45 U.S.C. § 54; Blair v. Baltimore & Ohio R.R. Co., 323 U.S. 600 (1945); Taylor v. Burlington Northern R.R. Co., 787 F.2d 1309 (9th Cir. 1986); Fashauer v. New Jersey Transit Rail Operations, Inc., 57 F.3d 1269, 1278 (3rd Cir 1995).

128

## PLAINTIFF'S INSTRUCTION NO. 13

### PRE-EXISTING SUSCEPTIBILITY

The defendant takes the plaintiff as it finds him, that is, if the defendant is liable to plaintiff, the defendant is liable for all of the consequences which its negligence played any part, even the slightest, in producing and plaintiff is entitled to be compensated for all injury and damage suffered by him, even the improbable or unexpectedly severe consequences of defendant's negligence or wrongful act.

Gallick v. Baltimore & Ohio R.R. Co., 372 U.S. 108, 83 S.Ct. 659 (1963); Holladay v. Chicago, B. & Q. R. Co., 255 F.Supp. 879 (S.D. Ia. 1966); Lancaster v. Norfolk & Western Ry. Co., 773 F.2d 807, cert. denied, 107 S.Ct. 1602, 94 L.Ed.2d 788 (7th Cir. 1985).

128

## PLAINTIFF'S INSTRUCTION NO. 14

### DAMAGES

If you find in favor of Plaintiff then you must award him such sum as you find by the preponderance [greater weight] of the evidence will fairly and justly compensate Plaintiff Lawrence Schumacher for any damages you find Plaintiff Lawrence Schumacher sustained and is reasonably certain to sustain in the future as a direct result of the occurrence described in the evidence. You should consider the following elements of damages:

1.   The physical pain and [mental] [emotional] suffering Plaintiff has experienced and is reasonably certain to experience in the future;

2.   The nature and extent of Plaintiff's injury, whether the injury is temporary or permanent [and whether any resulting disability is partial or total], [including any aggravation of a pre-existing condition];

3.   The reasonable expense of medical care and supplies reasonably needed by and actually provided to Plaintiff to date [and the present value of reasonably necessary medical care and supplies reasonably certain to be received in the future];

4.   The earnings Plaintiff has lost to date [and the present value of earnings Plaintiff is reasonably certain to lose in the future];

5.   The reasonable value of household services that Plaintiff has been unable to perform to date [and the present value of household services Plaintiff is reasonably certain to be unable to perform in the future].

Remember, throughout your deliberations you must not engage in any speculation, guess, or conjecture and you must not award any damages by way of punishment or through sympathy.

You may not include in your award any sum for court costs or attorneys fees.

3A O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 155.140 (5th ed. 2001)(last paragraph deleted)(consistent with Defendant's Instruction No. 16).

128

## PLAINTIFF'S INSTRUCTION NO. 15

### DEFENDANT TAKES PLAINTIFF AS IT FINDS HIM

Defendant takes the Plaintiff as it finds him, that is, if the Defendant is liable to Plaintiff, the Defendant is liable for all of the consequences which its negligence caused Plaintiff is entitled to be compensated for all injury and damage suffered by him, even the improbable or unexpectedly severe consequences of Defendant's negligence or wrongful act.

Gallick v. Baltimore & Ohio R.R. Co., 372 U.S. 108 (1963); Holladay v. Chicago, B. & Q. R. Co., 255 F.Supp. 879 (S.D. Ia. 1966); Lancaster v. Norfolk & Western Ry. Co., 773 F.2d 807, cert. denied, 107 S.Ct. 1602 (7th Cir. 1985).

## PLAINTIFF'S INSTRUCTION NO. 16

FAILURE TO MITIGATE

In asserting the defense of failure to mitigate damages in this case, Defendant has the burden of offering evidence to support its defense. The concept of mitigation includes that an injured person take advantage of employment opportunity that was or is available to him or her under all the circumstances shown by the evidence.

A failure to mitigate defense is not supported by evidence that a job is or was available if the alleged job falls outside Plaintiff's physical restrictions or capabilities; or evidence that a job is or was available that requires Plaintiff to move away from his community and family. Additionally, if Defendant claims that there were jobs available to Plaintiff within the railroad, the railroad must offer evidence that there was an actual bona fide job offer of employment rather than merely discussion about a job.

Burden of proof based on Wilson v. Union Pacific R.R. Co., 56 F.3d 1226 (10th Cir. 1995); second sentence in first paragraph taken from 3A O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, §§155.54 (5th ed. 2001); jobs within injured person's physical restrictions based on Wilson v. Union Pacific R.R. Co., 56 F.3d 1226 (10th Cir. 1995); Schneider v. National R.R. Passenger Corp., 987 F.2d 132 (2nd Cir. 1993), Ahlf v. CSX Trans. Inc., 386 F.Supp.2d 83 (N.D.N.Y. 2005); jobs within geographical region based on Coleman v. City of Omaha, 714 F.2d 804 (8th Cir. 1983); Wagner v. Union Pacific R.R. Co., 11 Neb.App. 1, 642 N.W.2d 821 (2002); bona fide job offers based on Zimmerman v. Montour R.R. Co., 191 F.Supp. 433 (W.D.Pa. 1961), aff'd, 296 F.2d 97 (3rd Cir. 1962), cert. denied, 369 U.S. 828 (1962), Southern Pacific Trans. Co. v. Fitzgerald, 577 P.2d 1234 (Nev. 1978), Plourd v. Southern Pacific Trans. Co., 513 P.2d 1140 (Or. 1973).