IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| Allen A. Bosch, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil No. 3:08-cv-101 |
| | ) | |
| Red River Valley & Western Railroad | ) | |
| Company, a corporation, | ) | |
| | ) | |
| Defendant. | ) | |

PRELIMINARY JURY INSTRUCTIONS

The Honorable Ralph R. Erickson
United States District Judge

June 15, 2010

**Table of Contents**

Instruction No.               Description

| Instruction No. | Description |
|---|---|
| 1 | Introduction; Nature of Case |
| 2 | Duties of Court Officers |
| 3 | Evidence - Defined |
| 4 | Inferences - Defined |
| 5 | Stipulated Facts |
| 6 | No Transcript Available; Note-Taking |
| 7 | Credibility of Witnesses |
| 8 | Impeachment of Witnesses |
| 9 | Depositions |
| 10 | Testimony of Expert |
| 11 | All Persons Equal Under the Law - Corporations |
| 12 | Number of Witnesses |
| 13 | Proof - Single Witness |
| 14 | Demonstrative Charts Not Evidence |
| 15 | Duty of Employer as to Place of Work |
| 16 | Burden of Proof - Defined |
| 17 | Plaintiff's Theory of Liability - "FELA" |
| 18 | Essential Elements of Plaintiff's Claim |
| 19 | Negligent, Negligence, Ordinary Care - Defined |
| 20 | Causation - Defined |

21          Assumption of the Risk - Corporation Can Only Act Through its
            Agents

22          Comparative Fault

23          Duty to Avoid or Minimize Damages/Mitigation

24          Trial Procedure

25          Duties of Judge and Jury

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| Allen A. Bosch, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil No. 3:08-cv-101 |
| | ) | |
| Red River Valley & Western Railroad | ) | |
| Company, a corporation, | ) | |
| | ) | |
| Defendant. | ) | |

**PRELIMINARY JURY INSTRUCTIONS**

INSTRUCTION NO. 1

INTRODUCTION; NATURE OF CASE

Members of the jury, we are ready to begin the trial of the case about which you have heard some details during the process of jury selection.  Before the trial begins, however, I want to describe how the trial will be conducted, and explain some things that you will have to keep in mind while listening to the evidence.  At the end of the trial, I will give you more detailed guidance on how you are to go about reaching your decision.  I may also give you instructions during trial.  Unless I specifically tell you otherwise, all such instructions - both those I give you now and those I give you later - are equally binding on you and must be followed.  Now, I want to briefly explain the nature of the case to you and explain how the trial will proceed.

This is a civil case brought by Allen A. Bosch under the Federal Employers' Liability Act, commonly known as "FELA."   Plaintiff Allen A. Bosch, while working as a trainman/switchman for Red River Valley & Western Railroad Company, was injured when he was struck from behind by a railcar during switching operations.  Plaintiff alleges that Red River Valley & Western Railroad Company was negligent and failed to provide a reasonably safe place to work in violation of FELA.

Defendant Red River Valley & Western Railroad Company denies fault for the accident and asserts that Plaintiff's injuries were caused by or contributed to as a result of Plaintiff's own negligence.

From the evidence you will decide what the facts are. You are entitled to consider that evidence in the light of your own observations and experiences in the affairs of life. You will then apply those facts to the law which I give you in these and in my other instructions, and in that way reach your verdict. You are the sole judges of the facts; but you must follow the law as stated in my instructions, whether you agree with it or not.

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness says, or only part of it, or none of it. Nothing in these instructions or in any ruling, action, or remark that I may make during the course of the trial is intended to give any opinion or suggestion as to what your verdict should be.

In deciding what testimony to believe, consider the witnesses' intelligence, their opportunity to have seen or heard the things they testify about, their memories, any motives they may have for testifying a certain way, their manner while testifying, whether they said something different at an earlier time, the general reasonableness of their testimony and the extent to which their testimony is consistent with other evidence that you believe.

Do not allow sympathy or prejudice to influence you. The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

INSTRUCTION NO. 2

## DUTIES OF COURT OFFICERS

As a member of the jury, you are a part of the court from the time you are sworn until you are discharged.  It is your duty to determine the facts.  To carry out this duty you must listen with an open mind throughout the trial.

There are several other persons who are part of the court.  One of these is the court reporter, Kelly Kroke.  It is the court reporter's duty to take down everything that is said during the trial.

Shelley Giauque is the deputy clerk of court.  The clerk takes care of the administrative functions of the court and is custodian of the records.

The bailiff announces the opening of the court and attends the jury. Ashley Heitkamp will act as the bailiff during this trial.  The bailiff may be assisted in attending the jury by a Court Security Officer.

The judge is the presiding officer of the court, and is responsible for conducting the trial properly, and as provided by law.

The lawyers are officers of the court.  They represent the parties to the lawsuit.  Each will present the side of the case of the party he or she represents.  It is the duty of a lawyer to represent his or her client to the best of the lawyer's ability, and to advocate the client's cause and present the client's case in the way the lawyer deems best.  If a lawyer is aggressive or argumentative at times, it is because the lawyer deems it necessary.   A lawyer has the right and duty to be aggressive and to be persistent, and to argue the client's cause.  A lawyer is not, however, permitted to argue with a witness.

INSTRUCTION NO. 3


<u>EVIDENCE - DEFINED</u>


I have mentioned the word "evidence."  "Evidence" includes the testimony of witnesses; documents and other things received as exhibits; any facts that have been stipulated - that is, formally agreed to by the parties; and any facts that have been judicially noticed - that is facts which I say you must accept as true.

Certain things are not evidence.  I will list those things for you now:

1.      Statements, arguments, questions and comments by lawyers are not evidence.

2.      Exhibits that are identified by a party but not offered or received in evidence are not evidence.

3 .     Objections are not evidence.  Lawyers have a right and sometimes an obligation to object when they believe something is improper.  You should not be influenced by the objection.  If I sustain an objection to a question or an exhibit, you must ignore the question or the exhibit and must not try to guess what the information might have been.

4 .     Testimony and exhibits that I strike from the record, or tell you to disregard, are not evidence and must not be considered.

5.      Anything you see or hear about this case outside the courtroom is not evidence, unless I specifically tell you otherwise during the trial.

Furthermore, a particular item of evidence is sometimes received for a limited purpose only. That is, it can be used by you only for one particular purpose, and not for any other purpose.  I will tell you when that occurs, and instruct you on the purposes for which the item can and cannot be used.  Some of you may have heard the terms "direct evidence" and "circumstantial evidence."  You are instructed that you should not be concerned with those terms, since the law makes no distinction between the weight to be given to direct and circumstantial evidence.

INSTRUCTION NO. 4

<u>INFERENCES - DEFINED</u>

You are to consider only the evidence in the case. But in your consideration of the evidence, you are not limited to the bald statements of the witnesses. In other words, you are not limited solely to what you see and hear as the witnesses testify. You are permitted to draw, from facts which you find have been proven, such reasonable inferences as you feel are justified in light of experience and common sense.

INSTRUCTION NO. 5

STIPULATED FACTS

The Plaintiff and Defendant have stipulated - that is, they have agreed - to certain facts.  You should, therefore, treat the following facts as having been proved.

*One*, at the time and place of the accident, the Defendant was a railroad common carrier engaged in interstate commerce.

*Two*, at the time and place of the accident, Plaintiff was at employee of the Defendant.

*Three*, the Plaintiff's right, if any, to recover damages is governed by the provisions of the Federal Employers' Liability Act ("FELA").

INSTRUCTION NO. 6

<u>NO TRANSCRIPT AVAILABLE; NOTE-TAKING</u>

At the end of the trial you must make your decision based on what you recall of the evidence. You will not have a written transcript to consult.  You must pay close attention to the testimony as it is given.

If you wish, however, you may take notes to help you remember what witnesses said.  If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case.  And do not let note-taking distract you so that you do not hear other answers by the witness.  The Clerk will provide each of you with a pad of paper and a pen or pencil.  At each recess, leave the notebooks on your chair.   When you leave at night, your notes will be secured and not read by anyone.

INSTRUCTION NO. 7

<u>CREDIBILITY OF WITNESSES</u>

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe.  You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony to believe, you may consider a witness' intelligence, the opportunity a witness had to see or hear the things testified about, a witness' memory, any motives a witness may have for testifying a certain way, the manner of a witness while testifying, whether a witness said something different at an earlier time,  the general reasonableness of the testimony, and the extent to which the testimony is consistent with any evidence that you believe.

In deciding whether or not to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things.  You need to consider therefore whether a contradiction is an innocent misrecollection or lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or only a small detail.

INSTRUCTION NO. 8

<u>IMPEACHMENT OF WITNESSES</u>

A witness, including a party, may be impeached, meaning that the witness' testimony is discredited by contradictory evidence you find to be true, or by evidence that on a former occasion the witness made a statement or acted in a manner inconsistent with the witness's present testimony, or by evidence that the witness has been convicted of a crime.

If you conclude that a witness has been impeached you may give the testimony of that witness such weight and credibility, if any, as you think it deserves.

If you conclude that a witness has been impeached by an earlier inconsistent statement by the witness, that earlier statement may be considered by you as evidence of the subject matter of the statement, in which event you may determine which is the truth, the witness' present testimony or earlier statement, or neither.

If you conclude that a witness has knowingly testified falsely concerning any material matter, you have a right to distrust that witness's testimony in other particulars.  You may reject all the testimony of that witness or give it such weight and credibility as you think it deserves.

INSTRUCTION NO. 9

<u>DEPOSITIONS</u>

During the trial of this case, certain testimony may be presented to you by videotaped or written deposition, which consists of sworn and recorded answers to questions asked of the witnesses in advance of the trial by one or more of the attorneys for the parties to the case. The testimony of a witness who, for some reason, cannot be present to testify from the witness stand may be presented under oath in the form of a videotaped or written deposition. Such testimony is entitled to the same consideration, and is to be considered as to credibility and weighed, and otherwise considered by the jury, insofar as possible, in the same way as if the witness had been present and had testified from the witness stand.

INSTRUCTION NO. 10

<u>TESTIMONY OF EXPERT</u>

An individual who has certain scientific, technical, or other specialized knowledge that will assist the jury in understanding the evidence is an expert and may testify to that knowledge in the form of an opinion or otherwise.  A witness qualifies as an expert by special knowledge, skill, experience, training, or education.

While you need not accept the testimony of an expert, you should consider that testimony the same as you would the testimony of any other witness and give it such weight and credibility as you think it deserves in the light of all of the circumstances.

If you conclude that the opinions and inferences of an expert are not based on sufficient knowledge, skill, experience, training, or education, or the reasons given in support of the views are unsound or that the testimony is outweighed by other evidence, you may disregard the testimony.

INSTRUCTION NO. 11

<u>ALL PERSONS EQUAL UNDER THE LAW - CORPORATIONS</u>

In this case, the Defendant Red River Valley & Western Railroad Company is a corporation. The mere fact that Defendant is a corporation does not mean it is entitled to any lesser consideration by you.  All persons are equal before the law, and corporations, big or small, are entitled to the same fair consideration as you would give any other individual party.

INSTRUCTION NO. 12

<u>NUMBER OF WITNESSES</u>

You are not bound to decide any issue of fact in accordance with the testimony of any number of witnesses which does not produce in your minds belief in the likelihood of truth of their testimony, as against the testimony of a lesser number of witnesses or other evidence which does produce such belief in your minds.

The test is not which side brings the greater number of witnesses, or presents the greater quantity of evidence but which witness, and which evidence, appeals to your minds as being most accurate, and otherwise trustworthy.

INSTRUCTION NO. 13

<u>PROOF - SINGLE WITNESS</u>

Any fact in dispute may be proved by the credible testimony of a single witness.  However, before finding any fact to have been proved solely by the testimony of a single witness, you should carefully consider all of the testimony of that witness upon which proof of the fact depends.

INSTRUCTION NO. 14

<u>DEMONSTRATIVE CHARTS NOT EVIDENCE</u>

Certain charts and summaries might be shown to you in order to help explain the facts disclosed by the books, records, or other underlying evidence in the case. Those charts or summaries are used for convenience. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the books, records, or other underlying evidence.

INSTRUCTION NO. 15

DUTY OF EMPLOYER AS TO PLACE OF WORK

At the time and place in question, the Defendant Red River Valley & Western Railroad Company had a duty as an employer to use ordinary care under the circumstances in furnishing the Plaintiff with a reasonably safe place in which to work.  It was also the Defendant's duty to use ordinary care under the circumstances to maintain and keep such place of work in a reasonably safe condition.

This does not mean that the Defendant is a guarantor or insurer of the safety of the place to work.  The extent of the Defendant's duty is to exercise ordinary care under the circumstances to see that the place in which work is to be performed is reasonably safe under the circumstances shown by the evidence.

The Defendant's duty includes the responsibility to inspect the premises where the Defendant's employees will be working and their equipment.  The Defendant must take reasonable precautions to protect its employees from possible danger on the Defendant's own premises and where the Defendant's employees are required to work.

INSTRUCTION NO. 16

<u>BURDEN OF PROOF - DEFINED</u>

The Plaintiff, Allen A. Bosch, has the burden of proving his case by a "preponderance of the evidence." Likewise, the Defendant, Red River Valley & Western Railroad Company, has the same burden in establishing any defenses to the Plaintiff's claims. To prove something by a "preponderance of the evidence" means to prove that it is more likely true than not true. A "preponderance of the evidence" means the greater weight of the evidence. If you find that the credible evidence on a given issue is evenly divided between the parties – that it is equally probable that one side is right as it is that the other side is right – then you must decide that issue against the party having the burden of proof. That is because the party bearing this burden must prove more than simply equality of evidence  – it must prove the element at issue by a preponderance of the evidence.

So long as you find that the scales tip, however slightly, in favor of the party with this burden of proof – that what the party claims is more likely true than not true – then the elements will have been proved by a preponderance of the evidence. Proof of a preponderance of the evidence does not, however, mean proof to an absolute certainty. It is rarely possible to prove anything to an absolute certainty.

Finally, in determining whether any fact in issue has been proved by a preponderance of the evidence, the jury may, unless otherwise instructed, consider the testimony of all the witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

INSTRUCTION NO. 17

<u>PLAINTIFF'S THEORY OF LIABILITY</u>

The Federal Employers' Liability Act ("FELA"), under which the Plaintiff claims the

right to recover damages in this action, provides in part that:

> Every common carrier by railroad while engaging in commerce between any of the
> several States . . . shall be liable in damages to any person suffering injury while he
> is employed by such carrier in such commerce . . . for such injury . . . resulting in
> whole or in part from the negligence of any of the officers, agents, or employees of
> such carrier, or by reason of any defect or insufficiency, due to its negligence, in its
> cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other
> equipment.

45 U.S.C. § 51.

You are instructed that Plaintiff's claim against the Defendant in this case is not covered or

protected by a state workers' compensation law.  Plaintiff's only remedy against Defendant is

through the Federal Employers' Liability Act.

INSTRUCTION NO. 18

<u>ESSENTIAL ELEMENTS OF PLAINTIFF'S CLAIM</u>

Your verdict must be for the plaintiff if all of the following elements have been proved by a preponderance of the evidence:

*First,* Allen A. Bosch was an employee of Red River Valley & Western Railroad Company, and

*Second*, Red River Valley & Western Railroad Company failed to provide reasonably safe conditions for work, <u>or</u> reasonably safe tools and equipment, <u>or</u> reasonably safe methods of work, <u>or</u> reasonably adequate help, and

*Third*, Red River Valley & Western Railroad Company in any one or more ways listed in the paragraph above was negligent, as defined in Instruction No. <u>19</u>, and

*Fourth*, such negligence resulted, in whole or in part, in injury to Allen A. Bosch.

If any of the above elements has not been proved, then your verdict must be for Defendant Red River Valley & Western Railroad Company.

INSTRUCTION NO. 19

NEGLIGENT, NEGLIGENCE, ORDINARY CARE - DEFINED

The term "negligent" or "negligence" as used in these Instructions means the failure to use ordinary care. The phrase "ordinary care" means that degree of care that an ordinarily careful person would use under the same or similar circumstances.  The degree of care used by an ordinarily careful person depends upon the circumstances which are known or should be known and varies in proportion to the harm that person reasonably should foresee. In deciding whether a person was negligent or failed to use ordinary care you must consider what that person knew or should have known and the harm that should reasonably have been foreseen.

INSTRUCTION NO. 20

<u>CAUSATION - DEFINED</u>

For purposes of this action, damages is said to be caused or contributed by an act or failure to act when it appears from a preponderance of the evidence in the case that the act or omission played any part, no matter how small, in bringing about or actually causing the injury or damage. So if you should find from the evidence in the case that any negligence of Red River Valley & Western Railroad Company contributed in any way toward the injury or damage suffered by Allen A. Bosch, you may find that such injury or damage was caused by Red River Valley & Western Railroad's act or omission.

Stated another way, an act or omission is the cause of injury or damage if the injury or damage would not have happened but for the act or omission, even though, the act or omission combined with other causes.

This does not mean that the law recognizes only one cause of an injury or damage, consisting of only one factor or thing, or the conduct of only one person. On the contrary, many factors or things, or the conduct of two or more persons, may operate at the same time, either independently or together, to cause injury or damage. In such a case, each may be a cause for the purpose of determining liability.

INSTRUCTION NO. 21

<u>ASSUMPTION OF THE RISK - CORPORATION CAN ONLY ACT THROUGH ITS
AGENTS</u>

Section 4 of the Federal Employers' Liability Act provides, in part, that:

> In any action brought against any common carrier . . . to recover damages for injuries
> to . . . any of its employees, such employee shall not be held to have assumed the
> risks of his employment in any case where such injury . . . resulted in whole or in
> part from the negligence of any of the officers, agents, or employees of such carrier;
> and no employee shall be held to have assumed the risks of his employment in any
> case where the violation by such common carrier of any statute enacted for the safety
> of employees contributed to the injury or death of such employee.

45 U.S.C. § 54.

If the Plaintiff's injuries were caused or contributed to by the negligent act or omission of

a fellow employee, acting in the course of the fellow employee's employment, then the Defendant

would be responsible for the act or omission of the fellow employee.

INSTRUCTION NO. 22

<u>COMPARATIVE FAULT</u>

The Defendant alleges as a defense that some negligence or fault on the part of Plaintiff Allen A. Bosch was a cause of any injuries and damages he may have sustained.  Negligence or fault on the part of a person injured, which cooperates in some degree with the negligence of another, and so helps to bring about the injury does not bar a Plaintiff's claim but may proportionately reduce Plaintiff's damages.

By alleging comparative fault, the Defendant, in effect, alleges that, even though the Defendant may have been guilty of some negligent act or omission which was one of the causes of the accident, Allen A. Bosch himself, by his own failure to use ordinary care under the circumstances, also contributed as one of the causes of any injuries and damages he may have suffered.

The burden is on the Defendant to establish, by a preponderance of the evidence, the claim that Allen A. Bosch himself was also negligent or at fault, and that such fault contributed as one of the causes of any injuries and consequent damages he may have sustained.

INSTRUCTION NO. 23

DUTY OF AVOID OR MINIMIZE DAMAGES/MITIGATION

One who has been injured in person has the duty to exercise ordinary care to avoid loss or minimize the resulting damages.  One who fails to do so cannot recover damages for any injury that could have been prevented by the exercise of ordinary care.

INSTRUCTION NO. 24

<u>TRIAL PROCEDURE</u>

Now, I want to explain how the trial will proceed:

*First*, the plaintiff's attorney  may make an opening statement.  The defendant may also make an opening statement.  What is said in an opening statement is not evidence, but is simply designed a summary of what the attorney expects the evidence to be.

*Second*, the plaintiff will introduce evidence in support of his claims.  The defendant may cross-examine the plaintiff's witnesses.  At the conclusion of the plaintiff's case, the defendant may introduce evidence and plaintiff's counsel may cross-examine the witnesses.  The defendant, however, is not obliged to introduce any evidence or to call any witnesses.  If the defendant introduces evidence, the plaintiff may then introduce rebuttal evidence.

*Third*, I will further instruct you on the law which you are to apply in reaching your verdict. After hearing my instructions, the parties may present closing arguments to you about what they consider the evidence has shown and about the inferences which they contend you should draw from the evidence.  What is said in closing argument, just as what is said in opening statement, is not evidence.  The arguments are designed to present to you the contentions of the parties based on the evidence introduced.  The plaintiff has the right to open and to close the argument.

*Fourth*, I will give you final instructions on your deliberation procedures.  Then you will leave the courtroom together and make your decision.  Your deliberations will be secret.  You may, but are not obligated in any way to explain your verdict to anyone after you have been dismissed by me as jurors.

INSTRUCTION NO. 25

<u>DUTIES OF JUDGE AND JURY</u>

Now that I have described the trial itself, let me explain the duties that you and I are to perform during the trial.  I will decide which rules of law apply to this case.  At the end of the trial, after the evidence has been presented, I will give you instructions on the law that applies to this case. You will then decide what the facts are and apply those facts to the law.  You must base that decision only on the evidence in the case and my instructions about the law.  You cannot engage in guesswork or speculation.

To insure fairness, you as jurors must obey the following rules:

*First*, do not talk among yourselves about this case, or about anyone involved with it, until the end of the case when you go to the jury room to decide on your verdict.

*Second*, do not talk with anyone else about this case, or about anyone involved with it, until the trial has ended and you have been discharged as jurors.

*Third*, when you are outside the courtroom, do not let anyone tell you anything about the case, or about anyone involved with it until the trial has ended and your verdict has been accepted by me.  If someone should try to talk to you about the case during the trial, please report it to the deputy clerk or other court personnel.

*Fourth*, during the trial, you should not talk with or speak to any of the parties, lawyers, or witnesses involved in this case–you should not even pass the time of day with any of them. During the trial, while you are in the courthouse and after you leave for the day, do not provide any information to anyone by any means about this case.  Thus, for example, do not talk face-to-face or use any electronic device or media, such as the telephone, a cell or smart phone, Blackberry, PDA, computer, the Internet, any Internet Service, any text or instant messaging service, any Internet chat

room, blog, or website such as Facebook, MySpace, YouTube, or Twitter, to communicate to anyone any information about this case until I accept your verdict.  It is important not only that you do justice in this case, but that you also give the appearance of doing justice.  For example, if a person from one side of the lawsuit sees you communicating with a person from the other side–even if it is simply to pass the time of day–an unwarranted and unnecessary suspicion about your fairness might be aroused.  If any lawyer, party, or witness does not speak to you when you pass in the hall, ride the elevator, or the like, it is because they are not supposed to talk or visit with you.

*Fifth*, do not read any news stories or articles, in print, on the Internet, or in any "blog," about the case, or about anyone involved with it, or listen to any radio or television reports about the case or about anyone involved with it.  In fact, until the trial is over, I suggest that you avoid reading any newspapers or news journals at all, and avoid listening to any TV or radio newscasts at all.  I do not know whether there might be any news repots of this case, but if there are, you might inadvertently find yourself reading or listening to something before you could do anything about it. It is important for you to understand that this case must be decided by the evidence presented in the case and the instructions I give you.

*Sixth*, do not do any research - on the Internet, in libraries, in the newspapers, or in any other way - or make any investigation on your own about any matter involved in this case.  By way of examples, that means you must not read from a dictionary or a text book or an encyclopedia, or talk with a person you consider knowledgeable, or go to the Internet for information about some issue in this case.  Do not visit or view any place discussed in this case and do not use Internet maps or Google Earth or any other program or device to search for or to view any place discussed in the testimony.  In fairness, learn about this case from the evidence you receive here at the trial and apply it to the law as I give it to you.

*Seventh*, do not make up your mind during the trial about what the verdict should be.  Keep

an open mind until after you have gone to the jury room to decide the case, and you and your fellow jurors have discussed the evidence.

Finally, let me clarify something that you may wonder about later. During the course of the trial, I may have to interrupt the proceedings to confer with the attorneys about the rules of law which should apply here. Sometimes we will talk here, at the bench. Some of these conferences may take a fair amount of time; when this happens, I will either excuse you from the courtroom, or the lawyers and I will meet in chambers. We will try to avoid such interruptions as much as possible, but please be patient.